*In re* CHARLES' ESTATE.

1. EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF EXTRA COMPENSATION FOR EXTRAORDINARY SERVICES.
   The purpose of the statute (3 Comp. Laws 1915, § 14118) to prevent concealed or inadvertent allowance of extra compensation to an administrator by requiring special petition and order to state in detail extraordinary services for which extra compensation is claimed and allowed is salutary and should be conserved by a strict compliance therewith, but it does not override and nullify other settled rules and statutes whose operation does not impair said purpose.

2. APPEARANCE—WAIVER.
   Party who enters appearance in action and makes contest on the merits submits himself to jurisdiction of court and waives all objections to process and pleadings which he does not expressly raise.

3. EXECUTORS AND ADMINISTRATORS—APPEALS FROM PROBATE COURT.
   Under the statute (3 Comp. Laws 1915, § 14145), one who appeals from an order of probate court to circuit court must assign his reasons for the appeal, and the issue in circuit court is confined to such reasons.

4. Same—Waiver—Extra Compensation.

   Failure of one contesting allowance of extra compensation to administrator for extraordinary services to object to character or form of petition and order as not complying with 3 Comp. Laws 1915, § 14118, at hearing in probate court and in claim of appeal to circuit court worked a waiver of deficiencies therein.

Error to Van Buren; White (Charles E.), J., presiding. Submitted January 10, 1930. (Docket No. 67, Calendar No. 34,667.) Decided March 6, 1930.

H. D. Wickett, administrator *de bonis non* of the estate of Matilda Charles, deceased, filed his final account. Gertrude Metzger, sole heir, filed objections. From allowance of the account including fees for extraordinary services in probate court, defendant appealed to the circuit court, where nothing was allowed for extraordinary services. Plaintiff reviews findings of circuit court by writ of error. Reversed, and cause remanded.

*Earl L. Burhans* and *William J. Barnard,* for plaintiff.

*Hendryx & Mosier* and *R. E. Barr,* for defendant.

Fead, J. Appellant filed a final account, in which he included an item of $3,000 for administrator's fees and charges. Gertrude Metzger, sole heir and legatee of deceased, whom we will call the contestant, appeared by attorneys and made demand for a more detailed account. Appellant filed an amended final account, and again included the same charge for his own compensation. Contestant filed objections to the amended account, and specifically challenged the charge for services as unreasonable, not

a proper charge against the estate, and alleged that the administrator had been guilty of gross negligence in the management of the estate and of waste of its assets. No objection was made to the lack or form of petition for compensation. The probate court allowed the whole account as presented, by an order general in form and without referring to any of the items. Contestant took an appeal to circuit court. In her claim of appeal, she set up the same reasons for appealing from the allowance of administrator's fees as she had alleged in probate court in her objections to the account. She made no claim of imperfection in the account as a petition or in the order for compensation.

The circuit court rejected contestant's claim of mismanagement, and she has brought error, but that case is not before us. The question here is as to the allowance of administrator's fees.

The circuit court allowed appellant $908.62, the amount of the statutory percentage on collections. Eliminating the question of mismanagement, the testimony was persuasive that appellant is entitled to some additional compensation for extraordinary services. This supports the claim of counsel, not clear from the record, that the contention here presented was raised in circuit court and furnished the reason for the court's denying extra compensation, *i. e.*, that the order of the probate court allowing such compensation was without jurisdiction and void because of lack of special petition and order as required by 3 Comp. Laws 1915, § 14118:

"*Provided, however,* That such allowance shall only be made upon the filing of a petition therefor, setting forth in detail such extraordinary services, or the reasons for considering the case one of unusual difficulty or responsibility, and the order mak-

ing any such allowance shall recite in detail the extraordinary services for which such allowance is made, giving the amount allowed for each item thereof, or the reasons for considering the case one of unusual difficulty or responsibility; and in case the order does not contain such recitals as herein required, the same shall be void and of no effect.''

The purpose of the statute to prevent concealed or inadvertent allowance of extra compensation to an administrator is salutary and should be conserved by a strict compliance with the terms of the act. But it is to be assumed that, in stating the procedure, the legislature intended it to fit into the probate practice, not to override and nullify other settled rules and statutes whose operation does not impair the purpose.

It is an established rule that a party who enters his appearance in an action in court and makes a contest upon the merits submits himself to the jurisdiction of the court and waives all objections to the process and pleadings which he does not expressly raise. By statute, one who appeals from an order of the probate court to the circuit court must assign his reasons for the appeal, and the issue in circuit court is confined to such reasons. (3 Comp. Laws 1915, § 14145).

These rules do not impair the purpose of the statute. They merely recognize the right of a party to waive conditions intended for his benefit. Under them, we think the failure of contestant to object to the character or form of the petition and order, at the hearing in probate court and in her claim of appeal, worked a waiver of the deficiencies in them. The circuit court had jurisdiction to and should have determined the issue of appellant's allowance of compensation for extraordinary services. The judg-

ment will be reversed, and the cause remanded to the circuit court for trial of the issue. The judgment in circuit court and the order finally entered in probate court should conform to the statute. No costs will be awarded.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, and NORTH, JJ., concurred. McDONALD, J., did not sit.